UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Belcher | Spencer Schneider<br>Carey Moorehead<br>Josh Kantrow |

**Proceedings:**     **PLAINTIFFS' MOTION FOR REMAND** (filed 5/12/09)

**DEFENDANTS VENBROOK INS. SERVICES, LLC & MARC BISHARA'S MOTION TO DISMISS** (04/30/09)

**DEFENDANT ADMIRAL INS. CO.'S MOTION TO DISMISS** (filed 5/1/09)

## I.     INTRODUCTION & BACKGROUND

On March 20, 2009, plaintiffs Gordon Gregory and Harvey Bibicoff filed the instant action against defendants Venbrook Insurance Services, LLC ("Venbrook"); Marc Bishara; Admiral Life Insurance Company of America ("Admiral"); and Does 1 through 20 in Los Angeles County Superior Court alleging claims for (1) declaratory relief against Admiral; (2) breach of contract against Admiral; (3) bad faith against Admiral; (4) breach of contract against Venbrook and Bishara; and (5) professional negligence against Venbrook and Bishara.

This insurance dispute is the subject of two other suits pending before this Court, Admiral Insurance Company v. Eric Alden, CV 09-1821 CAS (JTLx) and Eric Alden v. Admiral Insurance Company CV 09-2894 CAS (JTLx).

Plaintiffs allege that they are officers of Case Financial and insureds under a Landmark American Insurance Company ("Landmark") primary Directors and Officers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

("D&O") insurance policy and an Admiral excess D&O insurance policy. Compl. ¶ 9. Plaintiffs allege that they were insured under Admiral D&O policy no. 1616405/2 with a policy period from May 22, 2004, through May 22, 2005. Id. Plaintiffs allege that on or about April 25, 2005, plaintiffs were named as defendants, in their capacity as officers of Case Financial, in a shareholder derivative action filed in the Court of Chancery in the State of Delaware, <u>Canadian Commercial Workers Industry Pension Plan v. Eric Alden, Harvey Bibicoff, Gordon Gregory, and Lorne Pollock</u>, CV No. 1184-N (the "underlying suit"). Compl. ¶ 10. Plaintiffs allege that they timely gave notice of the underlying suit to Landmark and Admiral. Compl. ¶ 11. Plaintiffs further allege that Landmark paid all policy limits on February 27, 2009, "triggering and obligating Admiral to provide coverage." Id. Plaintiffs allege that "Admiral has refused and continues to refuse to acknowledge its coverage obligations" to plaintiffs. Compl. ¶ 13.

Plaintiffs further allege that Venbrook held itself out as a "full service independent insurance broker" and agreed to work on behalf of Case Financial and its directors and officers to procure and maintain D&O insurance coverage. Plaintiffs allege that on or about February 23, 2004, Eric Alden was removed as CEO of Case Financial and that Bibicoff assumed the role of interim CEO of Case Financial from February 23, 2004, to June 8, 2004. Plaintiffs further allege that Venbrook or "someone working on its behalf" submitted a completed insurance renewal proposal form to Admiral dated March 25, 2004, that contained a forged signature of Eric Alden. Compl. ¶ 19. Plaintiffs allege that Venbrook and Bishara, Venbrook's president, decided to "forge Eric Alden's signature on the Proposal Form and misrepresent Alden's position," which "provided Admiral with a basis to challenge its coverage obligation" to plaintiffs. Compl. ¶¶ 21-24. Plaintiffs further allege that Venbrook failed to accurately communicate the scope of the coverage of plaintiff's primary D&O policy with Landmark. Compl. ¶¶ 26-27. Plaintiffs allege that Venbrook represented that their D&O policy with Landmark would be based on a form that did not contain an "insured v. insured" exclusion. Id. Plaintiffs further allege that Landmark ultimately delivered a policy form that contained the "insured v. insured" exclusion and that Venbrook failed to notify plaintiffs of the change. Id.

On March 17, 2009, Admiral filed a complaint for declaratory judgment in this Court seeking a declaration that it has no duty to defend or indemnify plaintiffs for the underlying suit under D&O policy no. 1616405/2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

On April 23, 2009, defendant Admiral removed this action to this Court on the basis of diversity jurisdiction. Plaintiffs, Bishara, and Venbrook are all residents of California for diversity purposes and therefore complete diversity is lacking. Defendants maintain, however, that Bishara and Venbrook have been fraudulently joined to this action and should be disregarded for the purposes of determining whether diversity jurisdiction exists.

On April 30, 2009, defendants Venbrook and Bishara filed a motion to dismiss. On May 7, 2009, plaintiffs filed an opposition. On June 8, 2009, defendants filed a reply.

On May 1, 2009, defendant Admiral filed a motion to dismiss. On May 12, 2009, plaintiffs filed an opposition. On June 8, 2009, defendants filed a reply.

On May 12, 2009, plaintiffs filed a motion for remand. On June 8, 2009, defendant Admiral filed an opposition. Also on June 8, 2009, defendant Venbrook filed an opposition.

A hearing was held on June 22, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.[1]

## II.   LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W.

---

[1] Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986). Accordingly, the Court takes judicial notice of exhibit A-D of defendants Venbrook and Bishara's Request for Judicial Notice, for purposes of these motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|----------|------------------------|------|----------------|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law."); Good v. Prudential Insurance Company of America, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985).

**III.    DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

### A.    Motion for Remand

Plaintiffs argue that Bishara and Venbrook, the insurance agents who allegedly purchased the excess policy from Admiral on plaintiffs' behalf, are parties necessary for a complete resolution of this case.  Mot. at 2.  Plaintiffs contend that Venbrook made misrepresentations concerning the insurance application it forwarded to Admiral, including that (1) Eric Alden was the CEO of Case Financial and (2) that the policy did not contain an "insured vs. insured" exclusion.  Id.  Plaintiffs further contend that they paid a premium based on these misrepresentations.  Id.  Moreover, plaintiffs argues that Admiral is relying on the "insured vs. insured" exclusion to deny coverage.  Id. at 3.  Plaintiff contends that if Admiral can establish that the "insured vs. insured" exclusion applies, plaintiffs would have claims for misrepresentation and negligence against Venbrook and Bishara.  Id.

Plaintiffs further argue that the case should be remanded despite Admiral's filing of a declaratory relief action in this Court, Admiral Insurance Company v. Eric Alden, CV09-1821-CAS(JTLx).  Mot. at 5.  Plaintiffs contend that Admiral is forum shopping and attempting to avoid an adverse ruling against Landmark in state court based on the same policy language at issue here.  Id.

Moreover, plaintiffs argue that Venbrook and Bishara are not fraudulently joined because California law recognizes that both an agent and an insurer may be liable for failure to deliver coverage as represented.  Mot. at 8 (citing Desai v. Farmers Ins. Exch., 47 Cal. App. 4th 1110, 1120 (1996); Aim Ins. Co. v. Culcasi, 229 Cal. App. 3d 209, 215 (1992)).  Plaintiffs contend that they did not suffer any damages as a result of Admiral's actions until the Landmark policy was exhausted in March 2009, when Admiral constructively denied coverage by filing a declaratory relief action.  Id. at 13.  Therefore, plaintiffs argue, the limitations period did not begin to run until March 2009.  Id.

Admiral responds that plaintiffs originally filed suit against Landmark in 2005 for failing to provide coverage for the underlying suit.  Opp'n at 4.  Admiral contends that any claims plaintiffs might have had against Venbrook and Bishara were "readily apparent and at issue in the Landmark litigation."  Id.  Admiral argues that plaintiffs have filed this suit and added Venbrook and Bishara as defendants in an attempt to defeat diversity jurisdiction and have Admiral's declaratory judgment action transferred to state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

court.  Id.

Admiral further argues that plaintiffs' claims against Venbrook and Bishara for breach of contract and professional negligence are time-barred. Opp'n at 5. Admiral contends that professional negligence claims and claims for breach of oral contract are governed by the two year statute of limitations set forth in Cal. Code Civ. P. § 339.[2] Id. Admiral argues that the statute of limitations on these claims began to run either on (1) September 25, 2004, when Landmark delivered the primary policy to plaintiffs that contained the "insured v. insured" exclusion or (2) on May 22, 2004, when the primary and excess insurance polices went into effect containing the "insured v. insured" exclusion. Id. at 7-8. Admiral further argues that Landmark denied coverage on May 20, 2005, based on the "insured vs. insured" exclusion and that Admiral denied coverage on the same grounds in a letter dated October 25, 2005. Id. at 10-11. Therefore, Admiral argues, plaintiffs suffered harm well before Admiral filed a declaratory relief action in March 2009. Id.

Moreover, Admiral argues that plaintiffs have failed to plead any facts supporting a claim for breach of an oral contract against Venbrook and Bishara. Opp'n at 14. Similarly, Admiral argues that plaintiffs' claim for professional negligence is inadequate because plaintiffs "fail to allege sufficient facts to show that Venbrook and Bishara breached their duty of care to Plaintiffs in procuring the Primary and Excess Policies or that they proximately caused any damages to Plaintiffs." Id. Admiral contends that plaintiffs admit that they accepted the policies without objection and that Landmark paid the policy limits. Id.

The Court cannot conclude at this juncture that plaintiffs have "no possibility" of prevailing on their claims against Venbrook and Bishara. Dodson, 951 F.2d at 42. The Court cannot conclude that plaintiff's claims against Venbrook and Bishara related to the Admiral policy are time-barred. Although plaintiffs' suit against Landmark in 2005 and Admiral's October 25, 2005 letter may have put plaintiffs on notice of the

---

[2] Admiral contends that plaintiff does not allege that the contract was in writing and that it must therefore be based on an oral contract. Bowden v. Robinson, 67 Cal. App. 3d 705, 718 (1977).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

misrepresentations in their policy, plaintiffs did not suffer any damage as to the excess policy until the primary policy was exhausted in February 2009.[3] <u>Stonewall Ins. Co. v. City of Palos Verdes Estates</u>, 46 Cal. App. 4th 1810, 1850 (1996) ("[L]iability under a secondary [excess] policy will not attach until all primary insurance is exhausted. . ."). Furthermore, Admiral could not deny coverage in its October 25, 2005 letter because its obligations had not been triggered, a fact that Admiral acknowledged in the letter. Opp'n, Ex. A ("Consequently, at this time, Admiral's Excess Policy has not been triggered by any Loss incurred in the Derivative lawsuit.  Unless and until the Underlying Insurance (Landmark) is exhausted, Admiral's Excess Policy is not implicated."). Therefore, the limitations period on plaintiffs' professional negligence claim against Venbrook and Bishara, as it pertains to the Admiral policy, did not begin to run until February 2009, at the earliest, and is not time-barred.  <u>Int'l Engine Parts, Inc. v. Feddersen & Co.</u>, 9 Cal. 4th 606, 613 (1995) ("Although [Cal. Code Civ. P. § 339] does not specifically require actual injury to commence its limitations period, cases interpreting the statute have inferred such a requirement in professional malpractice actions.").

Furthermore, plaintiffs' allege (1) that Venbrook and Bishara, as plaintiff's insurance brokers, owed plaintiffs a duty of reasonable care; (2) that Venbrook and Bishara breached that duty by forging Eric Alden's signature on the Admiral Renewal Policy Form; and (3) that misrepresentations in the Admiral Renewal Policy Form provided Admiral with a basis to challenge its coverage obligation.  These allegations sufficiently demonstrate that plaintiffs have a possibility of prevailing on their claim against Venbrook and Bishara.  <u>Jackson v. Johnson</u>, 5 Cal. App. 4th 1350, 1355 (1992) ("The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate

---

[3] At oral argument, counsel for Venbrook and Bishara argued that plaintiffs' damages began accruing in 2005 when they began incurring attorneys' fees.  The Court makes no findings as to when plaintiffs suffer damaged, but for the purposes of this motion notes that plaintiffs' claim that they did not suffer damage as to the excess policy until February 2009.  Therefore, the Court cannot conclude that Venbrook and Bishara are "sham" defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2858 CAS (JTLx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | GORDON GREGORY; ET AL. v. VENBROOK INSURANCE SERVICES, LLC; ET AL. | | |

causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.")

Therefore, because the Court is unable to conclude that Venbrook and Bishara are sham defendants, complete diversity is lacking and the Court lacks subject matter jurisdiction over this action.  Accordingly, this case should be remanded to state court.

### B.    Motions to Dismiss

In light of the Court's conclusion that this case should be remanded to Los Angeles County Superior Court, the Court does not reach defendants' motions to dismiss.

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion for remand.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |